IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HENLEY MENEFEE, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-14-3494 |
| | § | |
| ROC-A-FELLA RECORDS, LLC, | § | |
| *et al.*, | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

This case is before the Court on Defendants Roc-A-Fella Records, LLC, Roc

Nation Records, LLC, Roc Nation Publishing, LLC, Roc Nation Sports, LLC, and Roc

Nation Holdings, LLC (collectively, "Defendants") Motion to Dismiss Plaintiff's

Complaint Pursuant to 12(b)(6) and Alternative Motion for More Definite Statement

Pursuant to 12(e) ("Motion") [Doc. # 3], to which Plaintiff Henley Menefee

("Plaintiff"), proceeding *pro se*, filed a Response [Doc. # 8], and Defendants filed a

Reply [Doc. # 9].  Having reviewed the parties' briefing, all matters of record, and the

applicable legal authorities, the Court **grants** Defendants' Motion and **dismisses** this

case **with prejudice**.

## I. BACKGROUND

On or about October 31, 2014, Plaintiff sued Defendants in the 125th District

Court of Harris County, Texas.  Original Petition and Notice of Intended Seizure and

1

Forfeiture ("Petition") [Doc. # 2-1]; Complaint [Doc. # 2-2].  Defendants timely removed this case to federal court on the basis of complete diversity of citizenship between the parties.  *See* Defendants' Notice of Removal [Doc. # 1].  Defendants now seek to dismiss this case pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the grounds that Plaintiff has failed to state a claim upon which relief can be granted.

## III.  LEGAL STANDARD

Because Plaintiff filed suit in state court and has not amended his pleadings in federal court, this Court will apply Texas pleading standards to evaluate the claims asserted in the Petition and Complaint.  *See Taylor v. Bailey Tool Mfg. Co*., 744 F.3d 944, 946-47 (5th Cir. 2014) (federal rules apply to civil actions after removal from state court, but do not provide for retroactive application to the procedural aspects of a case that occurred in state court prior to removal) (citing FED. R. CIV. P. 81(c)(1)); *Tompkins v. Cyr*, 202 F.3d 770, 787 (5th Cir. 2000) (considering sanctions and holding that "federal rules do not apply to filings in state court, even if the case is later removed to federal court").  Texas uses a "fair notice" standard of pleading, "which looks to whether the opposing party can ascertain from the pleading the nature and basic issues of the controversy and what testimony will be relevant."  *Horizon/CMS Healthcare Corporation v. Auld*, 34 S.W.3d 887, 896 (Tex. 2000).  A cause of action

may be dismissed, upon motion, if "it has no basis in law or fact."  TEX. R. CIV. P. 91a.1.

Federal pleading standards are more stringent than Texas standards.  Although a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is viewed with disfavor and is rarely granted, *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (citing *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)), a complaint must contain sufficient factual allegations, as opposed to legal conclusions, to state a claim for relief that is "plausible on its face."  *See  Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Patrick v. Wal-Mart, Inc.*, 681 F.3d 614, 617 (5th Cir. 2012).

Finally, pleadings filed by *pro se* litigants are entitled to a liberal construction that includes all reasonable inferences which can be drawn from them.  *See Haines v. Kerner*, 404 U.S. 519 (1972); *U.S. v. Pena*, 122 F.3d 3, 4 (5th Cir. 1997) (citing *Nerren v. Livingston Police Dep't*, 84 F.3d 469, 473 & n.16 (5th Cir. 1996)).

The difference between state and federal pleading standards is not dispositive in this case.  Even considering the deference afforded to *pro se* pleadings, Plaintiff's pleadings fail to state a legally viable claim under Texas standards, and thus would also fail under the stricter federal standards.

## III.   <u>ANALYSIS</u>

The record contains both a Petition and a Complaint, which Plaintiff appears to have filed together in state court. Plaintiff also apparently included with the pleadings an Affidavit that only repeats portions of the Complaint and contains no new information. Affidavit [Doc. # 2-3].

In the Petition, Plaintiff sues Defendants for violations of Chapter 59 of the Code of Criminal Procedure. Petition, at ECF pages 2-3, pts. I, III, IV, V. Plaintiff alleges that "defendants have contraband as defined in the Texas Code of Criminal Procedure Article 59.01(2)(c)" and asks the Court to "allow forfeiture of the above-described property, pursuant to Article 59.01(2)(c)." *Id.*, at ECF page 3, pt. V. The Petition contains no description of the alleged contraband property and offers no explanation about any of the events or circumstances that gave rise to the dispute.

The Complaint lists five causes of action: (1) "Racketeering Influenced Corrupt Organization (18 U.S.C. 1962, et seq)"; (2) "Racketeering Influenced Corrupt Organization (18 U.S.C. 1963, *et seq*)"; (3) "Racketeering Influenced Corrupt Organization (18 U.S.C. 1964, et seq)"; (4) "Criminal Forfeiture (18 U.S.C. 982, et seq)"; and (5) "Civil Forfeiture (18 U.S.C. 984, et seq)." Complaint, at ECF pages 3-4. The Complaint also contains an "Information" section that states:

> These violations of the U.S. Criminal Code include 18 USC 371 [sic] (Conspiracy)[,] 18 USC 1341 [sic] (Fraud), 18 USC 1343 [sic] (Wire Fraud), 18 USC 241 [sic] (Conspiracy Against Rights), 18 USC 1961

[sic] (Racketeering Influenced Corrupt Organization), 18 USC 1959 [sic] (Violent Crimes in Aid of Racketeering)[,] 18 USC 2510 [sic] (Federal Wiretapping ), 18 USC 1510 [sic] Obstruction of Justice)

*Id.*, at ECF page 2, pt. III.  The sentence is incomplete in the Complaint, but it appears that Plaintiff is attempting to bring these causes of action as well against Defendants. *See also id.* ("These violations include conspiracy, fraud, RICO, federal wiretapping, and wire fraud.").

The Court cannot determine from the Complaint the factual basis, if any, for these claims.  Plaintiff makes broad and vague allegations, such as, he was "placed on live television"; "citizens have viewed me, and these criminal violations live on television and radio"; and "[t]here also have been profits that these networks have generated from violations of federal statutes." *Id.*  None of the statements in the Complaint offer any context or explanation as to what this case is actually about.

Finally, Plaintiff's Response does not offer any additional information or explanation about the events or circumstances giving rise to any dispute in this case. Response, at ECF page 1.

To the extent Plaintiff sues Defendants for criminal violations, it is well established in the Fifth Circuit that private citizens, like Plaintiff, do not have the authority to initiate criminal prosecutions and cannot enforce criminal statutes through civil actions.  *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *U.S. v.*

*Batchelder*, 442 U.S. 114, 124 (1979); *Hanna v. Home Ins. Co.*, 281 F.2d 298, 303 (5th Cir. 1960); *Gill v. State of Tex.*, 153 F. App'x 261, 262 (5th Cir. 2005); *Florance v. Buchmeyer*, 500 F. Supp. 2d 618, 635 (N.D. Tex. 2007).  Accordingly, Plaintiff's criminal causes of action against Defendants are dismissed with prejudice.

To the extent Plaintiff sues Defendants for civil violations, Plaintiff does not explicitly bring any civil causes of action and, even construing Plaintiff's pleading liberally, there are no allegations that would give rise to a viable civil claim.  In sum, it is impossible for the Court to ascertain from Plaintiff's pleadings what the basic issues of the controversy are or what testimony will be relevant.  *See Horizon/CMS Healthcare Corporation*, 34 S.W.3d at 896.  Plaintiff's pleadings, therefore, are dismissed for failure to state a claim.

## IV.    CONCLUSION AND ORDER

For the reasons stated herein, it is hereby

**ORDERED** that Defendants' Motion to Dismiss [Doc. # 3] is **GRANTED**.  It is further

**ORDERED** that all of Plaintiff's claims for criminal violations brought under Title 18 of the U.S. Code are **DISMISSED with prejudice**.

The Court will issue a separate final dismissal order.

**SIGNED** at Houston, Texas, this 3rd day of **February, 2015**.

Nancy F. Atlas
United States District Judge